OPINION OF THE COURT
Renee R. Roth, S.
This application by the Public Administrator seeking to be appointed successor trustee of an inter vivos trust raises an issue as to whether the Public Administrator may serve in such fiduciary capacity under the governing statute (SCPA 1101 et seq.).
The facts underlying the present application are briefly stated. Shirley J. Simmons created the trust in question by an instrument, dated April 16, 1992, naming herself trustee and life income beneficiary. Such instrument provided in relevant part that on the grantor’s death the fund be held in further trust for a particular individual and the remainder distributed to a charity.
Ms. Simmons died on October 7, 2006, leaving a will dated January 8, 2003, which poured her entire estate over to the trust. The record indicates that none of the persons designated to succeed the grantor as trustee (or to serve as her executor) is willing to take office. The persons interested in the trust have been given notice of the instant application, but have failed to appear. It is observed that the grantor’s estate, reportedly less than $20,000, may be administered by the Public Administrator without the issuance of letters as a small estate (SCPA 1115). The value of the trust fund is unknown. '
Thus, it is clear that, although a successor trustee is needed to collect and manage the trust assets, the availability of an appropriate appointee other than the Public Administrator is problematic. Accordingly, whether as a matter of law the Public Administrator may be appointed must be determined.
As a threshold matter, it is observed that the Office of Public Administrator (an agency of the City) is a creature of statute (see Jessup-Redfield, Law and Practice in the Surrogates’ Courts in the State of New York, at 616 [1916]). In other words, the Public Administrator may perform only such role as the statute *163 (SCPA art 11) expressly or implicitly contemplates (see 3 Singer, Sutherland Statutory Construction § 65:2 [6th ed]).
Of the 28 sections of the law governing the Office of Public Administrator in the County of New York (SCPA art 11), only section 1112 purports to define the Public Administrator’s “authority to act.” In relevant part, the section provides that “[t]he public administrator in his proper county shall have authority to take possession of, manage and collect the rents of the real property and take charge of the personal property of an intestate” (SCPA 1112).
Although the authority to act with respect to testate estates is thus not expressly conferred in the above-quoted provision, another statute, namely, SCPA 1418 (2), makes it clear that the Public Administrator nonetheless has such authority (“letters of administration with will annexed . . . shall issue to the public administrator” under certain circumstances). In other words, section 1112 is not an entirely precise indicator of the extent of the Public Administrator’s potential roles as fiduciary. Moreover, it is noted that nothing in the other sections of article 11 expressly bars the Public Administrator from assuming the fiduciary role proposed here. Accordingly, for purposes of resolving the present issue, the statute must be read within its historical context.
The Office of Public Administrator was established in this state over two centuries ago, but at the time of its creation it applied only to New York County (L 1801, ch 77). The initial legislation (contained in 2 Revised Statutes of New York) expressly conferred on the City Chamberlain the responsibility to collect, protect and duly dispose of the assets of decedents dying within the county where there was no other appropriate fiduciary (id.). Over the course of the nineteenth and twentieth centuries, as changes in demographics increased the practical need for the safety net furnished by such an officer (see Dayton, The Office of Surrogate, Surrogates and Surrogates’ Courts, ch 18, at 703 [3d ed]), the statute was amended in various respects (inter alia, extending the office to other counties of this state [see Compendium of Laws Affecting the Public Administrator of the County of New York, at 3, 44 et seq.)).
The statute in its earliest incarnations had expressly authorized the Public Administrator to administer testate as well as intestate estates (2 Rev Stat of NY, part II, ch VI, tit I, art First, *164 §§ 4, 23 [1st ed 1829]). The legislative history offers no explanation for the omission of the phrase “testate estates” from later versions of the statute.
The increasing incidence of these “orphaned” (for want of a better description) trusts, a relatively recent phenomenon, is an outgrowth of the fact that the trust vehicle is no longer regarded as the preserve of the wealthy. Perhaps inevitably, smaller trusts carry the greater likelihood that nominees for the trusteeship will decline the honor and the burden. Accordingly, it is concluded that the long-standing purpose of the Legislature in creating the Office of Public Administrator as a default fiduciary implicitly contemplated that the Public Administrator may also serve as a default trustee when no one else is available.
Based upon the foregoing, a decree has been signed directing that letters of trusteeship be issued to the Public Administrator of the County of New York.